USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/23/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BESNIK UKSHINI,

Plaintiff,

-against-

CUSHMAN & WAKEFIELD, INC.,

Defendant.

23-CV-08388 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiff Besnik Ukshini, proceeding *pro se*, commenced this action on September 21, 2023, against Defendant Cushman & Wakefield, Inc. ("C&W"). Dkt. No. 1. Mr. Ukshini, a former employee of C&W, asserts claims for sex and age discrimination (the "Discrimination Claims"), retaliation (the "Retaliation Claims"), and hostile work environment (the "HWE Claims"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"). *Id.*

On August 8, 2025, C&W moved for summary judgment on all claims. Dkt. No. 46. On December 23, 2025, Magistrate Judge Cave issued a Report and Recommendation recommending that the motion be granted as to Mr. Ukshini's Title VII Discrimination Claim, Title VII Retaliation Claim, Title VII HWE Claim, and ADEA Retaliation Claim, and denied as to Mr. Ukshini's ADEA Discrimination Claim and ADEA HWE Claim. Dkt. No. 60 ("R&R") at

43. C&W timely objected to the R&R's denial of summary judgment on the two ADEA claims. Dkt. No. 63 ("Obj.")..[1]

Upon careful review of the record and Judge Cave's R&R, the Court adopts the R&R in part and modifies the R&R as to the disposition of Mr. Ukshini's ADEA Discrimination Claim and ADEA HWE Claim. Because the Court finds that summary judgment is warranted on those claims, C&W's motion for summary judgment is GRANTED in its entirety.

## DISCUSSION

The facts underlying Mr. Ukshini's claims are extensively outlined in the R&R, familiarity with which is assumed, and which is attached to this Opinion for ease of reference.

## I. STANDARD OF REVIEW OF A REPORT & RECOMMENDATION

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), parties may submit objections to the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When a party submits timely and specific objections to a report and recommendation, the district court is required to make a *de novo* determination of those portions of a report to which objection is made, 28 U.S.C. § 636(b)(1)(C), by reviewing "the Report, the record, applicable legal authorities, along with [the] objections and replies." *Bandhan v. Lab'y. Corp. of Am.*, 234 F. Supp. 2d 313, 316 (S.D.N.Y. 2002)..[2] Furthermore, the district court "may adopt those portions of the . . . report to

[1] While Plaintiff responded to C&W's objections, he did not file any objections of his own to the R&R. *See* Dkt. Nos. 64, 65.

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 72(b)(2)); *see also Alverio v. Colvin*, No. 13-CV-04722, 2015 WL 1062411, at *1 (S.D.N.Y. Mar. 9, 2015) ("When the parties make no objections to the Report [and Recommendation], the Court may adopt [it] if there is no clear error on the face of the record." (quoting *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005))).

## II. LEGAL STANDARD ON SUMMARY JUDGMENT

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment may also be granted when the opposing party fails to establish an element essential to that party's case and on which that party would bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Distasio v. Perkin Elmer Corp.*, 157 F.3d 55, 61 (2d Cir. 1998) (summary judgment is "mandated" when "the evidence is insufficient to support the non-moving party's case").

To survive summary judgment, the non-moving party cannot rely on mere allegations, denials, conjectures or conclusory statements, but must present affirmative and specific evidence showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986); *Gross v. Nat'l Broad. Co.*, 232 F. Supp. 2d 58, 67 (S.D.N.Y. 2002). In reviewing the record, the court must assess the evidence in "the light most favorable to the non-moving party," resolve all ambiguities, and "draw all reasonable inferences" in the non-movant's favor. *Am. Cas. Co. v. Nordic Leasing, Inc.*, 42 F.3d 725, 728 (2d Cir. 1994).

## III. C&W'S OBJECTIONS ARE WELL-FOUNDED

C&W objects to the portions of the R&R recommending that summary judgment be denied on the ADEA Discrimination Claim and ADEA HWE Claim. Obj. at 1. C&W claims the R&R errs in two respects: first, by finding a disputed issue of material fact despite rejecting the entirety of Mr. Ukshini's 56.1 Response, *id.* at 2, and second, by improperly applying the continuing violation doctrine to permit Mr. Ukshini to rely on time-barred allegations, *id.* at 2–3. The Court addresses each objection in turn.

### A. The R&R Erred by Relying on the Complaint's Allegations as Evidence

C&W argues that summary judgment should have been granted on the ADEA Discrimination Claim and ADEA HWE Claim because Mr. Ukshini's allegations are unsupported by any admissible evidence. Obj. at 3–5. According to C&W, the R&R "improperly found that there were disputed issues of material fact," despite concluding that Mr. Ukshini's Opposition and attachments consisted of "non-responsive answers," "unsupported assertions without citations to any admissible evidence," and "extraneous facts," and "deeming C&W's 56.1 Statement admitted." *Id.* at 5. C&W also takes issue with Mr. Ukshini's reliance on his Complaint as evidence, noting that even a *pro se* plaintiff cannot defeat a summary judgment motion by relying merely on the allegations of his complaint. *Id.* at 4.

Local Civil Rule 56.1(a) requires the moving party to submit a "short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." The non-moving party, in turn, must submit "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." L. Civ. R. 56.1(b). "A *pro se* litigant is not excused from this rule,"

*Brandever v. Port Imperial Ferry Corp.*, No. 13-CV-02813 (KBF), 2014 WL 1053774, at *3 (S.D.N.Y. Mar. 13, 2014), and a "nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible," *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009); *see also Biberaj v. Pritchard Indus., Inc.*, 859 F. Supp. 2d 549, 553 n.3 (S.D.N.Y. 2012) (same). Here, C&W filed and served its statement pursuant to Rule 56.1, Dkt. No. 48, and Mr. Ukshini's 56.1 Response "either gives non-responsive answers, offers only his own unsupported assertions without citations to any admissible evidence, or sets forth additional extraneous facts that are not material to the Motion." R&R at 3. Accordingly, the Court may conclude that the pertinent facts in C&W's 56.1 Statement are uncontested and admissible. *See Brandever*, 2014 WL 1053774, at *3 (finding no material issues of fact because the *pro se* plaintiff failed to respond to the defendant's Rule 56.1 statement).

However, "[t]he failure to submit a Rule 56.1 counterstatement in opposition to a motion for summary judgment [] does not mean that the motion is to be granted automatically." *O'Kane v. Lew*, No. 10-CV-05325 (PKC), 2013 WL 6096775, at *4 (E.D.N.Y. Nov. 20, 2013). Where, as here, a plaintiff has failed to submit a response to a summary judgment motion that complies with Local Civil Rule 56.1(b), the Court "must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004); *see also Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) ("Such a motion may properly be granted only if the facts as to which there is no genuine dispute show that the moving party is entitled to a judgment as a matter of law."). In addition, in light of the "special solicitude" afforded to *pro se* litigants "when confronted with motions for summary judgment,"

*Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988), the Court will "in its discretion opt to conduct an assiduous review of the record," including Mr. Ukshini's deposition testimony,[3] *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001); *see also Houston v. Teamsters Loc. 210, Affiliated Health & Ins. Fund-Vacation Fringe Ben. Fund*, 27 F. Supp. 3d 346, 349 (E.D.N.Y. 2014) ("Although plaintiffs did not file a Rule 56.1 statement, the Court has independently reviewed the record to ensure that there is uncontroverted evidence to support the paragraphs referenced in defendants' Rule 56.1."); *Cherry v. Byram Hills Cent. Sch. Dist.*, No. 11-CV-03872 (ER), 2013 WL 2922483, at *1 (S.D.N.Y. June 14, 2013) ("[W]here a *pro se* plaintiff fails to submit a proper . . . Rule 56.1 statement in opposition to a summary judgment motion, the Court retains some discretion to consider the substance of the plaintiff's arguments, where actually supported by evidentiary submissions.").

To the extent C&W argues that summary judgment should be granted as a matter of course because Mr. Ukshini failed to file a proper response to C&W's 56.1 Statement, that argument fails. C&W's contention that the R&R improperly relies on allegations in the Complaint, however, is persuasive. "Even a *pro se* plaintiff . . . cannot withstand a motion for summary judgment by relying merely on the allegations of a complaint." *Saldana v. Loc. 32B-32J Serv. Emps. Int'l Union*, No. 03-CV-01853 (DF), 2005 WL 66895, at *2 (S.D.N.Y. Jan. 12, 2005); *see also McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004) ("[W]ith a motion for summary judgment adequately supported by affidavits, the party opposing the motion cannot rely on allegations in the complaint, but must counter the movant's affidavits with specific facts

---

[3] The Court notes that, although the deposition transcript submitted with C&W's Motion papers contained only excerpted pages, Dkt. No. 49-2, the Court requested, and C&W submitted, the full deposition transcript so the Court could review Mr. Ukshini's entire deposition testimony when deciding the instant Motion.

showing the existence of genuine issues warranting a trial."); *Cont'l Ins. Co. v. Atl. Cas. Ins. Co.*, No. 07-CV-03635 (DC), 2009 WL 1564144, at *1 n.1 (S.D.N.Y. June 4, 2009) ("On a motion for summary judgment . . . allegations in an unverified complaint cannot be considered as evidence.").

The R&R indisputably considers allegations in the unsworn Complaint as evidence supporting Mr. Ukshini's ADEA Discrimination Claim and ADEA HWE Claim. *See, e.g.*, R&R at 19 ("Mr. Ukshini's allegations in the Complaint relating to alleged incidents on or before August 29, 2020 . . . may be considered in support of his claims."); *id.* at 26–27 (citing the Complaint's allegations concerning "over 20 separate incidents" in which C&W managers "made comments concerning his age, excluded him from certain projects due to his age, scheduled him for less desirable shifts . . . or generally treated him less favorably than his younger female co-workers" as "sufficient evidence" supporting an inference of age discrimination); *id.* at 41–43 (citing the Complaint's allegations concerning "age-related comments by C&W managers and employees" as evidence permitting an inference of a hostile work environment). The R&R's reliance on the unsworn Complaint's allegations to deny summary judgment is contrary to law. *See Champion*, 76 F.3d at 485. However, that alone does not resolve the instant Motion, because the record—namely, Mr. Ukshini's deposition testimony and the affidavits of his former co-workers, Dkt. No. 56 at 29, 31—may nonetheless establish a genuine issue for trial precluding summary judgment. *See Cherry*, 2013 WL 2922483, at *1.

**B. C&W Is Entitled to Summary Judgment on the ADEA Discrimination Claim**

To establish a *prima facie* case of age discrimination under the ADEA, a plaintiff must show that "(1) he is within the protected age group, (2) he was qualified for the position, (3) he experienced adverse employment action, and (4) such action occurred under circumstances giving rise to an inference of discrimination." *McConkey v. Churchill Sch. & Ctr.*, No. 24-CV-

06091 (LJL), 2025 WL 2062195, at *14 (S.D.N.Y. July 23, 2025). "[O]nce a plaintiff produces minimal evidentiary support for the claim of discriminatory motivation, the burden of production shifts to the employer to articulate a non-discriminatory reason for the adverse employment action." *Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015). "When the employer meets its burden, the plaintiff can no longer rely on the prima facie case . . . but must prove that the employer's proffered reason was a pretext for discrimination." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 168 (2d Cir. 2014). To satisfy the employee's burden, he must present facts, which if "taken in his favor, suffice to show that a triable issue exists as to whether his age was a 'but for' cause of his termination." *Id.* A plaintiff cannot merely rationalize away, explain, or disagree with an employer's proffered non-discriminatory reasons to survive summary judgment. *See Cardo v. Arlington Cent. Sch. Dist.*, 473 F. App'x 21, 23 (2d Cir. 2012); *Fleming v. MaxMara USA, Inc.*, 644 F. Supp. 2d 247, 266 (E.D.N.Y. 2009) ("[A] plaintiff's factual disagreement with the validity of an employer's non-discriminatory reason for an adverse employment decision does not, by itself, create a triable issue of fact."), *aff'd*, 371 F. App'x 115 (2d Cir. 2010).

Judge Cave found that Mr. Ukshini established a *prima facie* case of age discrimination. *See* R&R at 25–28. She then determined that C&W "proffered a legitimate, nondiscriminatory reason for firing Mr. Ukshini — his alleged violation of the Covid-19 Policy and New York State law," *id.* at 28, and concluded that Mr. Ukshini met his burden of showing that C&W's articulated reason was pretextual, *see id.* at 29–31. The Court disagrees. On review of Mr. Ukshini's deposition testimony and his supporting affidavits, summary judgment is warranted for C&W on the ADEA Discrimination Claim because even if Mr. Ukshini has established a *prima*

*facie* case, he has not presented sufficient evidence to establish that C&W's proffered reasons for terminating him were pretextual.

While "a plaintiff may rely on evidence presented to establish her prima facie case" to meet her burden to demonstrate pretext, "[i]t is not sufficient . . . for a plaintiff merely to show that she satisfies the . . . minimal requirements of a *prima facie* case." *Clark v. Jewish Childcare Ass'n*, 96 F. Supp. 3d 237, 255 (S.D.N.Y. 2015). To show pretext, a plaintiff must "present evidence from which a fact-finder could reasonably conclude that the [defendant's] reason was pretextual and that the real reason was discrimination." *Brennan v. Metro. Opera Ass'n*, 192 F.3d 310, 317 (2d Cir. 1999). When making this assessment, courts "are decidedly not interested in the truth of the allegations against [the] plaintiff" but rather "are interested in what *motivated* the employer." *Toussaint v. NY Dialysis Servs., Inc.*, 706 F. App'x 44, 45–46 (2d Cir. 2017).

The uncontroverted evidence in the record shows that C&W was "sincere in its own belief that its charges against [Mr. Ukshini] were true, and that it was in fact motivated by this belief when it terminated his employment." *Jimenez v. Delta Airlines, Inc.*, No. 21-2899, 2023 WL 2910530, at *2 (2d Cir. Apr. 12, 2023) (citing *Ya-Chen Chen v. City Univ. of New York*, 805 F.3d 59, 74 (2d Cir. 2015)). C&W's then-Senior Human Resources Manager stated in her declaration that she "determined that [Mr. Ukshini] violated the Company's Covid-19 Policy and recommended C&W terminate [his] employment." Dkt. No. 50 ¶ 23; *see also* Dkt. No. 50-9 at 3 (terminating Mr. Ukshini's employment because he "traveled to a state that . . . required [him] to self-quarantine upon [his] return," "did not report [his] travel," and "did not quarantine before returning to work as required by company policy"). Mr. Ukshini has produced no evidence suggesting that "[C&W] lacked a reasonable belief that [he] had engaged in the [wrongful] conduct" or that C&W "[was] not acting on this sincere belief" when C&W terminated his

employment. *Cano v. SEIU Loc. 32BJ*, No. 19-CV-08810 (PAE) (KHP), 2023 WL 4830091, at *16 (S.D.N.Y. Apr. 17, 2023); *see also Rodriguez v. City of New York*, 644 F. Supp. 2d 168, 187 (E.D.N.Y. 2008) ("[T]he fact that an employee disagrees with the results of an employer's decision regarding termination, or even has evidence that the decision was objectively incorrect or was based on a faulty investigation, does not automatically demonstrate, by itself, that the employer's proffered reasons are a pretext for termination.").

Thus, even if Mr. Ukshini were able to establish a *prima facie* case of discrimination, summary judgment is warranted on his ADEA Discrimination Claim because his deposition testimony and supporting affidavits (and other cognizable evidence in the record) do not create a genuine issue of fact as to whether C&W's articulated reason for terminating his employment was pretextual. *See Galimore v. City Univ. of N.Y. Bronx Cmty. Coll.*, 641 F. Supp. 2d 269, 286 (S.D.N.Y. 2009) (although remarks were sufficient to meet the plaintiff's prima facie burden, they did not demonstrate pretext because "[t]he comments were not made in connection with the decision-making process, and [were] otherwise not sufficiently pervasive or severe enough . . . to raise a triable issue of fact as to whether [the defendant's] stated reasons for terminating [the plaintiff's] employment were pretextual"); *Gorman v. Hughes Danbury Optical Sys.*, No. 93-CV-02163 (WWE), 1998 WL 327174, at *2 (D. Conn. June 17, 1998) ("Although [the] evidence may have been sufficient to meet the de minimus [sic] burden of establishing a prima facie case, no reasonable jury could conclude from it that age was the real reason for plaintiff's termination.").

### C. C&W Is Entitled to Summary Judgment on the ADEA Hostile Work Environment Claim

C&W argues that the R&R erred by "considering unsupported, conclusory allegations as establishing a *prima facie* case of ADEA hostile work environment." Obj. at 9. C&W also

claims that the R&R "improperly applied the continuing violation exception." *Id.* at 10. As noted above, the Court has already found that the R&R improperly relied on the allegations in Plaintiff's unsworn Complaint. Without relying on those allegations and limiting the inquiry to the Plaintiff's deposition testimony, sworn declarations, and other cognizable evidence in the record, C&W is also entitled to summary judgment on Plaintiff's ADEA hostile work environment claim.

To "state a claim for hostile work environment in violation of the ADEA, the plaintiff must plausibly allege that the workplace is 'permeated with discriminatory intimidation, ridicule and insult that it is sufficiently pervasive to alter the conditions of the victim's employment.'" *Ingrassia v. Health & Hosp. Corp.*, 130 F. Supp. 3d 709, 722 (E.D.N.Y. 2015) (quoting *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 240 (2d Cir. 2007)). While a plaintiff "need not present a list of specific acts," "[m]inor incidents do not merit relief." *Kassner*, 496 F.3d at 240. The acts must be "sufficiently continuous and concerted to be considered pervasive." *Id.* at 241. "In determining whether a plaintiff meets the 'severe or pervasive' standard, courts must consider the totality of the circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with a plaintiff's job performance." *Harewood v. N.Y.C. Dep't of Educ.*, No. 18-CV-05487 (KPF) (KHP), 2019 WL 3042486, at *4 (S.D.N.Y. May 8, 2019) (quoting *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 745 (2d Cir. 2003)).

The Court first evaluates whether the continuing violation exception applies to Mr. Ukshini's ADEA HWE Claim. Mr. Ukshini filed his EEOC charge on June 25, 2021; therefore, any allegation that relates to alleged incidents on or before August 29, 2020 is time-barred, and cannot be considered in support of his ADEA HWE Claim unless the continuing violation

exception applies. R&R at 17–18; *Haghpassand v. Reuters Am. Inc.*, 120 F. App'x 859, 861 (2d Cir. 2005) (statute of limitations for ADEA claims is 300 days prior to the filing of an EEOC charge); *Hansen v. Danish Tourist Bd.*, 147 F. Supp. 2d 142, 155 (E.D.N.Y. 2001) (the continuing violation exception applies to ADEA claims in the Second Circuit). A hostile work environment claim will be treated as a continuing violation if "(1) the acts occurring before the 300-day cutoff constitute part of the same actionable hostile work environment practice, and (2) at least one act contributing to the claim occurred within the filing period." *Alvarado v. Mount Pleasant Cottage Sch. Dist.*, 404 F. Supp. 3d 763, 779 (S.D.N.Y. 2019). "[T]o be part of the same actionable hostile-work environment practice, the timely offensive incident must be 'sufficiently related' to incidents outside of the limitations period." *Id.* (quoting *Taylor v. City of New York*, 207 F. Supp. 3d 293, 309 (S.D.N.Y. 2016)).

To the extent the R&R relied on allegations in the Complaint to determine that the continuing violation exception applies, that reliance is erroneous. *See Franklin v. Consol. Edison Co. of New York*, No. 98-CV-02286 (WHP), 1999 WL 796170, at *6 (S.D.N.Y. Sept. 30, 1999) ("At the summary judgment stage, a plaintiff cannot establish a continuing violation by simply parroting allegations set forth in the pleadings."); *Lyons v. New York Life Ins. Co.*, No. 20-CV-03120 (PAE), 2022 WL 837202, at *13 (S.D.N.Y. Mar. 21, 2022) ("something more [than an assertion] is needed to defeat summary judgment via a finding of a continuing violation")..[4] Nor has the Court identified through its independent review of Mr. Ukshini's

[4] The R&R also relied on the supporting affidavits of Mr. Ukshini's former co-workers, Mr. Khalid Sabree and Mr. Sheldon Wilson, Dkt. No. 56 at 29, 31, in finding that the continuing violation exception applied. *See* R&R at 18–19. That reliance is also contrary to law because both affidavits are "devoid of any specifics, but replete with conclusions." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999); *see also Sogluizzo v. Loc. 817, Int'l Bhd. of Teamsters*, 514 F. Supp. 277, 279 (S.D.N.Y. 1981) ("It is a jurisdictional prerequisite to maintenance of a Title VII suit that it be timely filed. . . . This prerequisite cannot be avoided by a conclusory allegation of a continuing violation."); *United Magazine Co. v. Murdoch Magazines Distrib.*, 393 F. Supp. 2d 199, 211 (S.D.N.Y. 2005) ("[A] self-serving

deposition testimony "at least one act contributing to the [hostile work environment] claim occur[ring] within the filing period." *Clarke v. InterContinental Hotels Grp., PLC*, No. 12-CV-02671 (JPO), 2013 WL 2358596, at *8 (S.D.N.Y. May 30, 2013). Accordingly, the continuing violation exception does not apply, and any conduct that took place before August 29, 2020 is time-barred and may not be considered in support of Mr. Ukshini's ADEA HWE Claim.

The Complaint contains a single allegation in support of Mr. Ukshini's hostile work environment claim that occurred within the limitations period. Dkt. No. 1 at 13. But "a single instance of allegedly discriminatory conduct, unless extraordinarily severe, generally cannot sustain a claim based on a hostile work environment," *Love v. Premier Util. Servs., LLC*, 186 F. Supp. 3d 248, 256 (E.D.N.Y. 2016), and, as to that sole allegation, the Court is unable to identify specific evidence in the record to carry Mr. Ukshini's burden on summary judgment. *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006). "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs., Ltd. P'Ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Accordingly, summary judgment is granted as to Mr. Ukshini's ADEA HWE Claim.

---

affidavit that merely reiterates conclusory allegations in affidavit form is insufficient to preclude summary judgment.").

## IV. THE BALANCE OF THE R&R IS FREE OF CLEAR ERROR

The Court has reviewed those aspects of the R&R that were not the subject of any objection for clear error and finds none.

## CONCLUSION

For the reasons set forth above, the R&R is adopted in part and modified in part. C&W's motion for summary judgment is GRANTED in its entirety.

The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Ukshini, enter judgment for Defendant, and CLOSE this case.

Dated: September 23, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge